# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSLEY MEDICAL INSTITUTE,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL STEVEN KREMER,<br><br>    Defendant. | CASE NO. 01CV1752 WQH (JMA)<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56(f) AND DENYING DEFENDANT'S MOTION TO DISMISS |

HAYES, Judge:

Pending before the Court are Defendant Michael Steven Kremer's motions for summary judgment (Doc. # 181) and for dismissal of Plaintiff's state trademark claims (Doc. # 180). The Court heard oral argument regarding the motions on Monday, February 5, 2007.

**PROCEDURAL BACKGROUND**

On June 12, 2001, Plaintiff Bosley Medical Institute filed a Complaint against Defendant Michael Steven Kremer in the United States District Court for the Northern District of Illinois, asserting federal and state trademark claims, as well as a federal cybersquatting claim. (Doc. # 1). After Defendant filed motions to dismiss and strike on jurisdictional grounds, the parties consented to a change of venue, and on September 27, 2001, this case was officially placed on this Court's docket in the United States District Court for the Southern District of California. (Doc. # 1). On November 15, 2001, Defendant filed renewed motions to dismiss and strike. (Doc. # 5). After

1  settlement discussions and limited discovery, Plaintiff filed a First Amended Complaint on October
2  9, 2003.  Plaintiff's First Amended Complaint, like the original Complaint, alleged federal and state
3  trademark claims, as well as a claim for cybersquatting under the Anticybersquatting Consumer
4  Protection Act (ACPA).  (Doc. # 61).

5        On January 6, 2004, Defendant filed a motion to strike the state trademark claims and a motion
6  to dismiss the federal cybersquatting claim.  (Doc. # 67).  In addition, Defendant moved for summary
7  judgment on Plaintiff's federal trademark claims.  (Doc. # 67).  Between January 30, 2004, and
8  February 13, 2004, Plaintiff filed cross motions for summary judgment as to the federal trademark
9  claims.  (Docs. # 79, 80, 82, 83, 87, 88, 91, 92).  On April 30, 2004, and after consolidating all the
10 pending motions, this Court granted Defendant's motion for summary judgment as to the federal
11 trademark claims, converted Defendant's motion to dismiss the cybersquatting claim into a motion
12 for summary judgment and granted judgment in favor of Defendant, and further granted Defendant's
13 motion to strike the state trademark claims.  (Doc. # 115).  On May 28, 2004, Plaintiff appealed.
14 (Doc. # 121).

15       On April 4, 2005, the Court of Appeal for the Ninth Circuit affirmed in part and reversed in
16 part this Court's Order of April 30, 2004.  *Bosley Medical Institute v. Kremer*, 403 F.3d 672 (9th Cir.
17 2005).  The Ninth Circuit affirmed this Court's grant of summary judgment in favor of Defendant
18 Kremer as to the federal trademark claims, but reversed the grant of summary judgment as to
19 Plaintiff's federal cybersquatting claim.  *Id.* at 680-81.  The Ninth Circuit also reversed this Court's
20 grant of Defendant's motion to strike the state trademark claims, stating that "domain names . . . *per*
21 *se* are neither automatically entitled to nor excluded from the protections of the First Amendment, and
22 the appropriate inquiry is one that fully addresses particular circumstances presented with respect to
23 each domain name."  *Id*. at 682 (citations omitted).  As part of its order, the Ninth Circuit remanded
24 the case back to this Court for further proceedings on the remaining state trademark and federal
25 cybersquatting claims.  *Id*. at 682-83.

26       This Court reopened the case on November 4, 2005, and between November 29, 2005, and
27 November 17, 2006, the parties participated in numerous settlement and case management
28 conferences.  (Docs. # 160-178).  Magistrate Judge Adler ordered Defendant Kremer to answer the

1 First Amended Complaint on or before January 10, 2007.  (Doc. # 179).  On December 15, 2006,
2 Defendant Kremer filed the pending motions to dismiss the state trademark claims and for summary
3 judgment as to the federal cybersquatting claim.  (Docs. # 180, 181).  On January 10, 2007, Defendant
4 answered the First Amended Complaint.  (Doc. # 182).

## DISCUSSION

**A.  Defendant's Motion for Summary Judgment**

In moving for summary judgment on Plaintiff's federal cybersquatting claim, Defendant contends that there are no genuine issues of material fact related to cybersquatting.  Specifically, Defendant contends that there are no facts supporting Plaintiff's contention that Defendant registered http://www.bosleymedical.com (bosleymedical.com) with a bad faith intent to profit.  Defendant further contends that there is no evidence supporting Plaintiff's allegation that Defendant attempted to extort money from Plaintiff by registering bosleymedical.com.  In the alternative, Defendant contends that he is entitled to safe harbor under the Anticybersquatting Consumer Protection Act pursuant to 15 U.S.C. § 1125(d)(1)(B)(ii).

In opposition to summary judgment, Plaintiff argues that there are genuine issues of material fact with respect to whether Defendant registered bosleymedical.com with an intent to extort money from Plaintiff.  In support, Plaintiff cites letters and other correspondence which Plaintiff contends show that Defendant attempted to use bosleymedical.com to extort money from Plaintiff.   In the alternative, Plaintiff contends that the motion for summary judgment should be denied pursuant to FED. R. CIV. P. 56(f) because discovery has not been completed, and because the Ninth Circuit specifically held that Plaintiff was entitled to additional discovery on the cybersquatting claim after remand.

FED. R. CIV. P. 56(f) provides that "should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance . . . ."  FED. R. CIV. P. 56(f).  Where a summary judgment motion is filed early in the litigation, "before a party has had any realistic opportunity to pursue discovery relating to its theory of the case, district courts should grant any Rule 56(f) motion fairly freely."  *Burlington*

1  *Northern & Santa Fe Ry. Co. v. The Assiniboine*, 323 F.3d 767, 773-74 (9th Cir. 2003); *see also*
2  *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).  A court may deny a motion for
3  summary judgment in response to a Rule 56(f) motion.  FED. R. CIV. P. 56(f); Schwarzer, Tashima &
4  Wagstaffe, FED. CIV. P. BEFORE TRIAL (The Rutter Group 2006) § 14:334; *see also Texas Partners*
5  *v. Conrock Co.*, 685 F.2d 1116, 1119-21 (9th Cir. 1982).  It is in the discretion of the district court to
6  deny a motion for summary judgment where it appears that "the better course would be to proceed"
7  with the case. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 255 (1986).

8  The parties disagree about the necessity of additional discovery in this case. Plaintiff argues that additional discovery is necessary to properly develop Plaintiff's case and notes that there has been insufficient time to proceed with discovery after remand from the Ninth Circuit.  Defendant argues that there has been sufficient time for discovery, and accuses Plaintiff of dragging its feet with respect to discovery.

13 The Ninth Circuit reversed this Court's grant of summary judgment on Plaintiff's cybersquatting claim on the grounds that this Court "did not give Bosley an opportunity to conduct discovery" on the cybersquatting issue, *Bosley*, 403 F.3d at 681, and there is no evidence that Plaintiff has engaged in conduct which would forfeit discovery.  It is also evident to the Court that discovery did not reopen after remand until November of 2006, and Plaintiff did not answer the First Amended Complaint until January 10, 2007.  (Doc. # 182).  Finally, counsel for Defendant conceded at oral argument that the parties had agreed at the November 17, 2006, case management conference to hold off on discovery in November and December of 2006, because counsel for Defendant was busy over the holidays.  For those reasons, and particularly because the Ninth Circuit reversed the grant of summary judgment on the grounds that this Court "did not give Bosley an opportunity to conduct discovery" on the cybersquatting issue, *Bosley*, 403 F.3d at 681, this Court concludes that summary judgment is inappropriate at this time. *See Declaration of Peter Albert in Support of Mot. for Sum. J.*, ¶ 6.  Accordingly, Defendant's motion for summary judgment (Doc. # 181) is DENIED without prejudice pursuant to FED. R. CIV. P. 56(f).

27 /
28 /

**B. Defendant's Motion to Dismiss the State Trademark Claims**

*1. Allegations of the First Amended Complaint*

Plaintiff Bosley Medical Institute is a Delaware Corporation which manages and markets surgical hair trasplantation, restoration, and replacement services to the public. *First Amended Complaint*, ¶¶ 5-6, 19. L. Lee Bosley, M.D. founded Bosley Medical Institute, and is both a physician and surgeon. *FAC*, ¶ 7. Plaintiff owns the trademarks BOSLEY, BOSLEY MEDICAL, and BOSLEY HEALTHY HAIR, as well as other distinctive marks. *FAC*, ¶ 8. Plaintiff registered the mark BOSLEY MEDICAL on January 23, 2001. *FAC*, ¶ 15.

Defendant Michael Steven Kremer (Defendant) is a dissatisfied former patient of Plaintiff. *FAC*, ¶ 26. In 1991, Defendant sought and received hair replacement services from Dr. David Smith at one of Plaintiff's facilities in Seattle, Washington. *FAC*, ¶ 26. After completion of the treatments, Defendant was unhappy with the results. *FAC*, ¶ 26. Defendant filed a medical malpractice lawsuit against Plaintiff, but the case was dismissed on summary judgment. *FAC*, ¶ 27.

On January 7, 2000, Defendant registered the domain name bosleymedical.com. *FAC*, ¶ 31. Plaintiff alleges that Defendant registered bosleymedical.com in bad faith and as part of a scheme to extort money from Plaintiff. *FAC*, ¶¶ 31-32, 35, 77. Plaintiff further alleges that Defendant authored three letters to either Plaintiff or one of its doctors in an attempt to use Defendant's registration of bosleymedical.com as leverage in extorting money from Plaintiff. *FAC*, ¶¶ 28-35. The first letter, delivered on May 10, 1999, to Dr. Smith, threatened "war," demanded $400,000, and stated–"[t]his is your only chance to prevent the possibility of being brought down along with the whole Bosley–<u>Organization</u>–oxymoron?" *FAC*, ¶ 29. The second letter, delivered to Dr. Bosley on January 12, 2000, included threats to initiate a $100,000,000 class action and spread negative information over the internet unless some discussion between Plaintiff and Defendant occurred. *FAC*, ¶ 32. Finally, the third letter, dated November 1, 2000, was sent by Defendant to Bosley physicians to warn them of negative information which would soon be published on bosleymedical.com. Plaintiff alleges that all three letters were sent in furtherance of Defendant's scheme to extort money from Plaintiff. *FAC*, ¶¶ 28-36.

Defendant registered bosleymedical.com with knowledge that the domain name is identical

1  and confusingly similar to one of Plaintiff's trademarks. *FAC*, ¶ 36. In fact, from the time that
2  bosleymedical.com has been accessible to the general public, Defendant has received electronic mail
3  messages from third parties which were intended for Plaintiff. *FAC*, ¶ 45. Plaintiff alleges that
4  "prospective users of [Plaintiff's] services who mistakenly access [Defendant's] website may fail to
5  continue to search for [Plaintiff's] own home page," because Defendant does not respond to or inform
6  people who mistakenly e-mail bosleymedical.com that bosleymedical.com is not affiliated with
7  Plaintiff. *FAC*, ¶¶ 46-47.

   *2. Standard of Review*

9  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. A
10 complaint may not be dismissed for failure to state a claim under Rule 12(b)(6), "unless it appears
11 beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle
12 him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion to dismiss pursuant to Rule
13 12(b)(6) is viewed with disfavor and rarely granted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249
14 (9th Cir. 1997). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings
15 in the light most favorable to the plaintiff, and further, must accept as true all material allegations in
16 the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320
17 F.3d 1023, 1028 (9th Cir. 2003). In considering a Rule 12(b)(6) dismissal, a court may not look
18 beyond the complaint. *Moore v. Costa Mesa*, 886 F.2d 260, 262 (9th Cir. 1989).

19 *3. Analysis*

20 Defendant moves to dismiss Plaintiff's state law claims for common law trademark
21 infringement, statutory trademark dilution, and statutory unlawful business practices. (Docs. # 61,
22 180). Defendant contends that the First Amendment protects his registration and use of
23 bosleymedical.com, and bars the application of state trademark law in this action. Defendant further
24 argues that Plaintiff's allegations of commercial use and likelihood of confusion are insufficient to
25 state claims upon which relief can be granted.

26 Plaintiff contends that the First Amended Complaint adequately alleges that Defendant
27 attempted to extort money from Plaintiff, and notes that such allegations sufficiently allege
28 commercial use for the purposes of state trademark law. Plaintiff contends that there are sufficient

1  allegations of likelihood of confusion to state a claim for common law trademark infringement,
2  especially in light of the allegations which indicate actual consumer confusion.  Finally, Plaintiff
3  challenges Defendant's First Amendment argument as overbroad and meritless in light of the Ninth
4  Circuit's order reversing this Court's order granting Defendant's previous motion to strike.

5        In order to state a claim for common law trademark infringement under California state law,
6  a plaintiff need only allege "1) their prior use of the trademark and 2) the likelihood of the infringing
7  mark being confused with their mark."  *Wood v. Apodaca*, 375 F. Supp. 2d 942, 947-48 (N.D. Cal.
8  2005), *citing American Petrofina v. Petrofina of California, Inc.*, 596 F.2d 896, 897 (9th Cir. 1979).
9  To state a claim for trademark dilution under CAL. BUS. & PROF. CODE § 14330, a plaintiff must allege
10 (1) ownership of a famous mark, (2) commercial use of the mark by defendant, (3) that the defendant's
11 use of the mark began after the mark became famous, and (4) that the defendant's use of the mark
12 dilutes the quality of the mark.  *Panavision International, L.P. v. Toeppen*, 141 F.3d 1316, 1325 (9th
13 Cir. 1998).  An allegation of extortion related to a domain name or an attempt to sell a domain name
14 to the owner of a mark is a sufficient allegation of "commercial use" for the purposes of stating a
15 claim under CAL. BUS. & PROF. CODE § 14330.  *Id.*  To state a claim for unfair business practices and
16 competition pursuant to CAL. BUS. & PROF. CODE §17200, a plaintiff can allege an unlawful, unfair,
17 or fraudulent business act or practice.  *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002).  As CAL. BUS.
18 & PROF. CODE § 17200 permits violations of other laws to be treated as unfair competition, *Kasky*, 27
19 Cal. 4th at 949, a plaintiff who states a claim for federal or state trademark infringement or dilution
20 also states a claim under CAL. BUS. & PROF. CODE § 17200.  *See Century 21 Real Estate Corp. v.
21 Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988); *Cleary v. News Corp.*, 30 F.3d 1255, 1262-65 (9th Cir.
22 1994); *Bally Total Fitness Holding Corp. v. Faber*, 29 F. Supp. 1161, 1168 (C.D. Cal. 1998); *E. & J.
23 Gallo Winery v. Pasatiempos Gallo, S.A.*, 905 F. Supp. 1403, 1415 (E.D. Cal. 1994).

24       In the First Amended Complaint, plaintiff alleges that the trademark BOSLEY MEDICAL is
25 famous and has been in use by Plaintiff since 1992.  *FAC,* ¶¶ 13, 14, 23.  Plaintiff further alleges that
26 Defendant registered the domain name bosleymedical.com as part of a scheme to extort money from
27 Plaintiff.  *FAC*, ¶¶ 31-32, 35, 77.  Finally, Plaintiff alleges that Defendant's use of BOSLEY
28 MEDICAL as a domain name occurred after the mark became famous, *FAC*, ¶ 38, that Defendant's

use of the mark in the domain name bosleymedical.com actually confuses or creates a likelihood of confusion regarding the mark, *FAC*, ¶ 36, 45-47, and that Defendant's use of BOSLEY MEDICAL dilutes the mark. *FAC*, ¶ 56-57.

The First Amended Complaint alleges each element of the claims for common law trademark infringement, statutory trademark dilution, and statutory unfair business practices under California state law. Nevertheless, Defendant argues that the allegations of commercial use and likelihood of confusion are insufficient to state claims under California trademark laws. The Court concludes that Plaintiff's allegations of extortion sufficiently allege commercial use for the purposes of state trademark law, *see Panavision*, 141 F.3d at 1325; *Bosley Medical*, 403 F.3d at 678, and that Plaintiff's allegations of actual confusion and a likelihood of confusion are sufficient to state a claim for common law trademark infringement, particularly in light of the doctrine of initial interest confusion and the weight afforded evidence of actual confusion. *See Interstellar Starship Services v. Epix, Inc.*, 304 F.3d 936, 941-46 (9th Cir. 2002); *Clicks Billiards v. Sixshooters, Inc.*, 251 F.3d 1252, 1265 (9th Cir. 2001). Finally, while the Court notes that the doctrine of fair use permits the "criticizing or commenting upon the famous mark owner" in some situations, *see e.g.* 15 U.S.C. § 1125(c)(3)(A), the Court concludes that the allegations of the First Amended Complaint that the registration and publication of bosleymedical.com were in bad faith and with an intent to extort money do not permit dismissal of the state trademark claims pursuant to the fair use exception at this stage of the proceedings. *See Panavision*, 141 F.3d at 1325; *Bosley Medical*, 403 F.3d at 678.

Defendant also contends that the First Amendment bars Plaintiff's state law claims as a matter of law. Defendant appears to argue that notwithstanding the allegations of his bad faith intent to register and use bosleymedical.com to extort money from Plaintiff, the fact that Defendant uses bosleymedical.com to criticize Plaintiff bars any claim under state trademark law. The Ninth Circuit specifically held that, "[a]n infringement lawsuit by a trademark owner over a defendant's unauthorized use of the mark as his domain name does not *necessarily* impair the defendant's free speech rights," and further held that "the appropriate inquiry is one that fully addresses particular circumstances presented with respect to each domain name." *Bosley Medical Institute*, 403 F.3d at 682. In light of that holding, and this Court's recognition that "a significant purpose of a domain name

1 is to identify the entity that owns the web site," the Court concludes that the First Amendment does
2 not bar Plaintiff's state trademark claims as a matter of law under the circumstances alleged here. *Id.*
3 Accordingly, the Court concludes that dismissal on First Amendment grounds is not appropriate at
4 this stage of the proceedings.

5 Defendant's motion to dismiss Plaintiff's state law claims (Doc. # 180) is DENIED.

## CONCLUSION

7 Defendant's motion for summary judgment (Doc. # 181) is DENIED without prejudice
8 pursuant to FED. R. CIV. P. 56(f).

9 Defendant's motion to dismiss Plaintiff's state law claims (Doc. # 180) is DENIED.

10 **IT IS SO ORDERED**.

11 DATED: March 22, 2007

**WILLIAM Q. HAYES**
United States District Judge